**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shenzhen Kean Silicone Product Co., Ltd,<br><br>Plaintiff,<br><br>v.<br><br>Moon and Stars Online Inc. d/b/a Moon and Stars Online Inc, and Shenzhen Shenchenxing Trading Co., Ltd. d/b/a moringstars,<br><br>Defendants. | ) | No. 1:25-cv-12135<br><br>Judge Jorge L. Alonso |

**MEMORANDUM OPINION AND ORDER**

Shenzhen Kean Silicone Product Co., Ltd. ("Shenzhen Kean" or "Plaintiff") brings suit against Moon and Stars Online Inc. ("Moon and Stars") and Shenzhen Shenchenxing Trading Co., Ltd. ("Shenzhen Shenchenxing") (together, "Defendants") for patent infringement. Defendants move to dismiss.[1] Plaintiff moves for a preliminary injunction.[2] For the reasons discussed below, both motions are denied.

**Background**

Plaintiff is the owner of United States Design Patent No. D975,787 (the "'787 Patent"), which was issued by the United States Patent and Trademark Office on January 17, 2023. The '787 Patent covers the ornamental design of Plaintiff's toy product:

[1] Defendants Moon and Stars and Shenzhen Shenchenxing jointly filed a motion to dismiss [36]. *See* ECF 36. Defendant Shenzhen Shenchenxing subsequently filed a separate motion to dismiss. *See* ECF 39. The two motions to dismiss are identical. As such, Shenzhen Shenchenxing's separate motion to dismiss is stricken as duplicative.

[2] Defendants Moon and Stars and Shenzhen Shenchenxing jointly filed a brief in opposition to Plaintiff's motion for preliminary injunction. *See* ECF 35. Defendant Shenzhen Shenchenxing subsequently filed a separate brief in opposition. *See* ECF 38. The two opposition briefs are identical. As such, Shenzhen Shenchenxing's separate brief in opposition is stricken as duplicative.



ECF 1-1 at Fig. 1; ECF 1 at ¶ 8. Plaintiff alleges that Defendants sell products that infringe on the ’787 Patent through storefronts on various online marketplaces. *See* ECF 1 at 15.

**Motion to Dismiss**

Defendants move to dismiss Plaintiff’s complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted in light of Defendants’ affirmative defenses.

**A. Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide “a short and plain statement of the claim showing that the pleader is entitled to relief.” Through this statement, defendants must be provided with “fair notice” of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the complaint must contain factual allegations sufficient to “state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff “need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate.” *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). In deciding a motion to dismiss under Federal Rule

of Procedure 12(b)(6), courts must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Design patents protect a "new, original and ornamental design for an article of manufacture." 35 U.S.C § 171. To survive a motion to dismiss a design patent infringement claim, a plaintiff need only: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2012). Design patents are presumed valid. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015). However, alleged infringers may rebut this presumption by proving facts supporting a determination of invalidity "by clear and convincing evidence." *See id.*

**B. Discussion**

Defendants move to dismiss based on three invalidity defenses: they argue that (a) the '787 Patent claims primarily functional features; (b) the claimed design is anticipated by prior art; and (c) prior art renders the claimed design obvious. *See* ECF 36 at 2. Their arguments fail on procedural grounds and on the merits.

**1. Standard of Review**

Defendants insist that their motion is brought under Rule 12(b)(6), not Rule 56. *See* ECF 45 at 2-3. But Defendants rely on evidence beyond the pleadings in support of their arguments—namely, prior art of United States Patent Nos. 5,413,551, issued in 1995, (the "'551 Patent") and 6,432,071 B1, issued in 2002 (the "'071 Patent"). *See* ECF 36-1; ECF 36-2. In general, a court deciding a Rule 12(b)(6) motion may consider only the pleadings and any "written instruments" attached to the complaint. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir.

2002) (citing Fed. R. Civ. P. 10(c)). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There are two exceptions to this rule. First, a court may take judicial notice of facts that are part of the public record and which are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Second, under the incorporation-by-reference doctrine, a court may consider documents "referred to in the plaintiff's complaint and [which] are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) (cleaned up). The decision to consider extraneous documents and/or convert a motion to dismiss to one for summary judgment is within the district court's discretion. *See Hecker v. Deere & Co*., 556 F.3d 575, 583 (7th Cir. 2009) (abrogated on other grounds).

Neither doctrine permits the Court to draw the inferences Defendants seek from the prior art of the '551 and '071 Patents. First, incorporation-by-reference does not apply, as the '551 and '071 Patents are not referenced in or attached to Plaintiff's complaint. Second, the Court may take judicial notice of the *existence* of the '551 and '071 Patents, but cannot take judicial notice of the *substantive truth* of their prior art, including its invalidity effect. Prior art is a matter of public record. *See Hoganas AB v. Dresser Indus., Inc*., 9 F.3d 948, 954 n.27 (Fed. Cir. 1993) ("Although that patent is not part of the record . . . it . . . is publicly accessible. Accordingly, we have taken judicial notice of it."). However, the Federal Circuit has indicated that *what* a prior art discloses is subject to reasonable dispute and requires a determination through a side-by-side comparison with the patent-in-suit that is improper at the pleading stage. *See CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co*., 916 F.3d 1350, 1360 n.7 (Fed. Cir. 2019) ("[T]o the extent the district court relied on the '586 patent and [the] prior, published patent application to determine that the alleged novel trade secrets were already in the prior art, such a determination was improper at [the motion to

dismiss stage], for at least the reason that it constituted an inference adverse to Plaintiffs when there were other reasonable inferences to draw in their favor."); *see also Eastman v. Apple*, 2019 WL 3934805, at *4-*5 (N.D. Cal. Aug. 20, 2019) ("Apple asks the Court to judicially notice the documents' contents as disclosing all of Eastman's claimed inventions, through precisely the same side-by-side comparison the Federal Circuit deemed improper . . . At least at this stage, Eastman's dispute as to whether the documents actually disclosed those alleged inventions is reasonable, and one that the Court cannot resolve via judicial notice." (cleaned up)). Here, Plaintiff reasonably disputes whether the prior art of the '551 and '071 Patents discloses, as Defendants assert, the ornamental design of the patent-in-suit.

As the prior art of the '551 and '071 Patents cannot be considered under Rule 12(b)(6) under either the judicial notice or incorporation-by-reference doctrines, it can only be considered by converting Defendants' motion to one for summary judgment. The Court is not inclined to do so. For the reasons discussed below, it is not manifest that the issues Defendants raise in their motion are capable of resolution at this stage in view of the limited record before the Court. As such, the Court will not consider Defendants' evidence outside the pleadings in resolving their motion. *See Yiwu Langxun Electronic Commerce Co., Ltd. v. The Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified in Schedule A*, 2026 WL 1399616, at *7 (E.D. Mich. May 19, 2026) ("[D]espite asserting a prior art invalidity defense . . . [t]he purported prior art is not in the record, much less part of the Complaint, as required for consideration on a motion to dismiss."). Each of Defendants' invalidity arguments are entirely, or almost entirely, predicated on citations to the prior art of the '551 and '071 Patents; absent this evidence, these arguments fail, and their motion to dismiss is denied. *See generally* ECF 36.

**2. Reviewability of Patent Validity Issues at the Pleading Stage**

Even if Defendants' motion was not dismissed for the reasons discussed above, the Court is not convinced that the invalidity defenses Defendants raise are capable of resolution at this stage, for two reasons. First, the parties have not engaged in any discovery in this case. The Federal Circuit has made clear that, due to the presumption of validity afforded to design patents under the Patent Act, alleged infringers have "the burden to prove invalidity"—including on the bases of functionality, anticipation, and obviousness—"by clear and convincing evidence." *Ethicon*, 796 F.3d at 1328. And, at least for functionality, this is a "stringent" standard. *Id.* For example, the only patent functionality case decided before summary judgment which Defendants cite involved claim construction based on evidence beyond the pleadings, including expert testimony. *See Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1319 (Fed. Cir. 2016). The record of this case has not been so developed; other than appending the '551 and '071 Patents to their motion, Defendants do not attempt to develop the record beyond the complaint.

Instead, Defendants argue that they need not prove their invalidity defenses by "clear and convincing evidence" because they are moving under Rule 12(b)(6), not Rule 56. But Defendants are not relieved of their evidentiary burden simply by raising these issues at an earlier procedural stage. At least one other district court has reached the same conclusion: ruling on a motion to dismiss, the Eastern District of Michigan in *Yiwu Langxun* found "that the issue of functionality is more properly resolved on a developed record at later stages of this case. Moving Defendants have the burden of proving by clear and convincing evidence that the patented design as a whole is primarily functional." *Yiwu Langxun*, 2026 WL 1399616, at *6; *see also id*. at *7 (holding that "the issue of obviousness is more properly resolved on a developed record" and that "Moving

Defendants have not met their burden of proving obviousness by clear and convincing evidence at the pleadings stage").

Second, notwithstanding the sparsity of the record, functionality, anticipation, and obviousness are questions of fact. *See PHG*, 469 F.3d at 1365 (holding that the question of "[w]hether a patented design is functional or ornamental is a question of fact"); *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237 (Fed. Cir. 2009) ("Anticipation is a question of fact."); *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009) ("Obviousness is a question of law based on underlying findings of fact . . . The teachings of a prior art reference are underlying factual questions in the obviousness inquiry."). Meaningful resolution of these issues would require the Court to impermissibly draw inferences in Defendants' favor. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (It is improper for a district court, in deciding a motion to dismiss, to "decide whose version to believe, or which version is more likely than not.").

Though it does not appear that the Federal Circuit has squarely addressed whether functionality, anticipation, or obviousness can be resolved at the pleading stage, its precedence counsels against doing so here. For example, the Federal Circuit has indicated that making a determination as to whether a patent-in-suit is anticipated or rendered obvious by prior art would seem to be "improper" at the pleadings stage "for at least the reason that it [would] constitute[] an inference adverse to Plaintiffs when there were other reasonable inferences to draw in their favor." *CODA*, 916 F.3d at 1360 n.7. Indeed, "[a] side-by-side comparison between the prior art and the patented design could be just as likely to highlight patentable differences than to reveal invalidating similarities in overall appearance." *Yiwu Langxun*, 2026 WL 1399616, at *7. Federal Circuit case law on patent eligibility—to which Defendants repeatedly cite—is also instructive. As the Federal Circuit has held:

> [P]atent eligibility can be determined at the Rule 12(b)(6) stage. This is true only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law. Indeed, we have explained that plausible factual allegations may preclude dismissing a case under § 101 where, for example, nothing on the record refutes those allegations as a matter of law or justifies dismissal under Rule 12(b)(6). If there are claim construction disputes at the Rule 12(b)(6) stage, we have held that either the court must proceed by adopting the non-moving party's constructions or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis, which may well be less than a full, formal claim construction.

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (finding resolution of patent eligibility issue improper at motion to dismiss "in the face of factual allegations, spelled out in the proposed second amended complaint, that, if accepted as true, establish that the claimed combination contains inventive components and improves the workings of the computer") (citations and internal quotation marks omitted). As the parties here dispute, among other things, whether the '787 Patent protects an ornamental or functional design, the Court must adopt Plaintiff's construction. However, in the absence of clear Federal Circuit precedent on this issue, the Court will not dismiss Defendants' motion on this basis.

**3. Validity of the '787 Patent**

In light of Plaintiff's motion for preliminary injunction, which requires analysis of Plaintiff's likelihood to succeed on the merits of its claim, the Court will also consider the merits of Defendants' invalidity arguments.

**a. Functionality**

Section 171 of the Patent Act provides that a design patent may be obtained for "any new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a). "Design patents on . . . primarily functional rather than ornamental designs are invalid." *Ethicon*, 796 F.3d at 1328. "[T]he determination of whether the patented design is dictated by the function of the article of

manufacture must ultimately rest on an analysis of its overall appearance." *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1455 (Fed. Cir. 1997). The Federal Circuit has outlined several factors for determining whether a design claim is dictated by function, including:

> whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.

*PHG Technologies, LLC v. St. John Cos.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) (emphasis removed). Establishing invalidity on functionality grounds is a "stringent" standard. *See Ethicon*, 796 F.3d at 1328.

Defendants do not meet their burden of proving functionality by clear and convincing evidence. Defendants argue that "the bubble array enables the 'pop' sound/feel for sensory therapy; the silicone material ensures flexibility/durability; the shape aids portability/grip—all essential to use." ECF 36 at 3. Defendants further argue on reply that "[t]he bubble protrusions [of the patent-in-suit] are functional: they enable the core utility of the toy (reversible popping). Any ornamental aspects (e.g., exact arrangement) are incidental to function." ECF 45 at 3. But even assuming that these features serve a functional purpose, it does not automatically follow that the overall design is not ornamental. A design is functional where its appearance is "*dictated* by the use or purpose of the article"; but "[w]hen there are several ways to achieve the function of an article," the design is "more likely to serve a primarily ornamental purpose." *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002). And Defendants do not address "whether the protected design represents the best design; *whether alternative designs would adversely affect the utility of the specified article*; . . . whether the advertising touts particular features of the design as having specific utility; [or] whether there are any elements in the design or an overall appearance

clearly not dictated by function." *PHG*, 469 F.3d at1366 (emphasis in original). This also weighs against a finding of invalidity.

Defendants' motion to dismiss is denied as it pertains to functionality.

**b. Anticipation**

Under Section 102 of the Patent Act, a patent is invalid as anticipated when the patented invention is identically disclosed or described in a patent, a published patent application, or a printed publication. 35 U.S.C. § 102(a)(1)-(2). A design patent is anticipated "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Samsung Elec. Co., Ltd. v. Apple Inc.*, 580 U.S. 53, 56 (2016) (citation omitted). Establishing "design patent anticipation requires a showing that a single prior art reference is 'identical in all material respects' to the claimed invention." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001).

Defendants argue that the design claimed by the '787 Patent is anticipated by the '551 Patent and/or the '071 Patent. ECF 36 at 5-6. Defendants do not meet their burden to demonstrate by "clear and convincing evidence" that the prior art of the '071 Patent or the '551 Patent anticipates the '787 Patent. The entirety of Defendants' argument on this issue is that the '551 and '071 Patents are "identical to Plaintiff's '787 Patent with a plurality of arcuately domed projections uniformly distributed in closely spaced proximity each to the other" and "match[] the '787 [Patent]'s overall visual impression." *Id*. at 6. This cursory argument falls short of establishing that the patent-in-suit is identical in all material respects to either the '071 Patent or the '551 Patent. Plaintiff identifies several key distinctions between its patent and the prior art that Defendants do not address. For example, the '787 Patent's "bubbles" are larger than those of either the '071 Patent or the '551 Patent; there are fewer "bubbles" on the '787 Patent; and the "bubbles" on the '787

Patent are spaced further apart. *See* ECF 44 at 9. These distinctions show that Defendants have not established that the prior art references are identical to the patent-in-suit in all material respects.

Defendants' motion to dismiss is denied as it pertains to anticipation.

**c. Obviousness**

Under Section 103 of the Patent Act, a patent is invalid as obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. "A claimed invention is unpatentable if the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the pertinent art." *Canfield Scientific, Inc. v. Melanoscan*, LLC, 987 F.3d 1375, 1382 (Fed. Cir. 2021) (citation omitted). In determining obviousness, the factfinder considers the scope and content of the prior art, the differences between the claims and the prior art, the level of ordinary skill in the art to which the claimed invention pertains, and "where a primary reference alone does not render the claimed design obvious . . . some record-supported reason (without hindsight) that an ordinary designer in the field of the article of manufacture would have modified the primary reference with the feature(s) from the secondary reference(s) to create the same overall appearance as the claimed design." *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1298-99 (Fed. Cir. 2024).

Defendants argue that the '787 Patent is rendered obvious by the prior art of the '071 and '551 Patents. This fails. Defendants argue that "Plaintiff's '787 Patent is even simpler than the combination of two prior arts. It straightforwardly copied the prior arts, to the maximum, with minute difference, with which any person with ordinary skill can tweak." ECF 36 at 7. This

argument is entirely conclusory. "Obviousness . . . cannot be based on conclusory statements, 'instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness.'" *Black & Decker Inc. v. Robert Bosch Tool Corp.*, 476 F. Supp. 2d 887, 896 (N.D. Ill. 2007) (quoting *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). "Evidence of invalidity must be clear as well as convincing." *Schumer v. Lab'y Comput. Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002). "Indeed," the Federal Circuit has instructed, "to accept confusing or generalized testimony as evidence of invalidity is improper." *Id.* at 1316.

Defendants' motion to dismiss is denied as it pertains to obviousness.

* * *

As such, Defendants' motion to dismiss is denied.

**Motion for Preliminary Injunction**

Plaintiff seeks to convert the temporary restraining order enjoining Defendants from making, using, offering for sale, selling, and/or importing the allegedly infringing products and restraining Defendants' assets to a preliminary injunction. *See* ECF 5, 11.

**A. Legal Standard**

To obtain a preliminary injunction, a plaintiff must show: (1) it has a reasonable likelihood of success on the merits; (2) that it has no adequate remedy at law; and (3) that it will suffer irreparable harm without an injunction. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002), as amended (Oct. 18, 2002). Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). If the plaintiff makes this showing, then the court must weigh the balance of harms to each party with or without the injunction. *Promatek*, 300 F.3d at 811. Finally, the court

must ascertain whether the preliminary injunction is in the public interest, which entails considering any effects on non-parties. *Id.*

**B. Discussion**

**1. Likelihood of Success**

To demonstrate a likelihood of success on the merits, a "possibility of success is not enough" and "[n]either is a better than negligible chance." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). Although the moving party "need not show that it definitely will win the case," a "strong showing" of a likelihood of success on the merits "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. This does not require the moving party to show that they will prevail by a preponderance of the evidence, however, because "that would spill too far into the ultimate merits for something designed to protect both the parties and the process while the case is pending." *Id*. at 763. "The preliminary injunction inquiry, however, is a decidedly far more searching inquiry than the question of whether a complaint properly alleges a claim for relief." *Fourqurean v. Nat'l Collegiate Athletic Assoc.*, 143 F.4th 859, 870 (7th Cir. 2025) (internal citation and quotation marks omitted).

Plaintiff asserts a claim for infringement of the '787 Patent. The parties do not dispute that Plaintiff is the lawful owner of the '787 Patent and, for the reasons discussed above, Defendants fail to demonstrate a likelihood of success on their invalidity defenses. As such, Plaintiff's burden here is to demonstrate a likelihood of success in proving infringement under the ordinary observer test. Under the ordinary observer test, a design patent is infringed "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008)

(quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)). "The ordinary observer test applies to the patented design in its entirety, as it is claimed." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). This involves a side-by-side comparison of the claimed design and the accused design. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (directing district courts to focus on the "overall ornamental visual impression" created by patented and accused designs).

Here, the Court finds that Plaintiff has carried its burden to demonstrate a reasonable likelihood of success on the merits. In support of its allegations, Plaintiff attached to its complaint an exhibit comparing the design of the '787 Patent to the allegedly infringing products sold by Defendants, which is excerpted below:

| US D975,787 S | Moon And Stars INC | Moringstars |
| --- | --- | --- |
| Fig. 1  |  |  |
| Fig. 2  |  |  |
| Fig. 3  |  |  |

ECF 1-3. The claimed and accused designs are both spherical; have seams in the same location; and appear to have the same number of semi-spherical "bubbles" protruding from the sphere,

which are themselves sized and spaced the same as the design claimed by the ’787 Patent. This side-by-side comparison reveals that the claimed design and the accused design “are substantially the same . . . such as to . . . induc[e] [an ordinary observer] to purchase one supposing it to be the other.” *Egyptian Goddess*, 543 F.3d at 680.

**2. Irreparable Harm**

Patentees are not entitled to a presumption of irreparable harm when they have shown a likelihood of success on the merits of their claim. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006); *Robert Bosch LLC v. Pylon Mfr. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011). “[I]t does not follow,” however, “that courts should entirely ignore the fundamental nature of patents as property rights granting the owner the right to exclude.” *Bosch*, 659 F.3d at 1149. “[T]o satisfy the irreparable harm factor in a patent infringement suit, a patentee must establish both of the following requirements: 1) that absent an injunction, it will suffer irreparable harm, and 2) that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement.” *Apple Inc. v. Samsung Elecs.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012). “Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.” *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

Plaintiff argues that Defendants’ infringement of the ’787 Patent by sale of the infringing products is likely to cause consumer confusion with genuine, patented products, resulting in harm to Plaintiff's reputation, loss of customers’ goodwill, and harm to Plaintiff’s ability to exploit the design of the ’787 Patent. *See* ECF 5 at 6-8. Plaintiff’s primary evidentiary support is an affidavit by its in-house counsel. *See* ECF 5-1. Its in-house counsel states that Plaintiff’s “control over its rights in the Plaintiff Design, its reputation, the goodwill associated therewith, and ability to exploit

the Plaintiff Design [are irreparably harmed] by [Defendants'] acts of infringement." *Id.* at ¶ 20; *see also id.* at ¶¶ 21-24 (similar).

Plaintiff's assertion that it has suffered harm to its reputation and goodwill are simply bare allegations of harm, unsupported by argument or evidence. For example, Plaintiff does not argue that Defendants' products are inferior. Even though Plaintiff states that it performed a "visual inspection of test products purchased and received from Defendants' ecommerce stores," it does not assert that it made any determinations as to the quality of the infringing products outside of a passing and general reference to "[i]nferior quality products." ECF 5-1 at ¶¶ 7, 23; *see Zhong v. Shanghai Jingsun Tech. Co.*, 2025 WL 2054594, at *1 (N.D. Ill. July 18, 2025) (design patent infringement plaintiff failed to support its allegation of reputational damage where it did not allege that infringer's product was inferior or offer an analysis of its sales before and after infringer's market entry); *Telebrands Corp. v. Vieneci Garden, Inc.*, 2025 WL 3113701, at *6 (S.D. Ind. Sept. 30, 2025) (same). Plaintiff has "not presented this court with evidence of any actual loss of market share or overall sales, but instead offer[s] conclusory affidavits based on speculation to prove [its] losses . . . [This is] insufficient to justify injunctive relief." *Che v. Shenzhen Ximeikeji Youxian Gongsi*, 2026 WL 161821, at *5 (N.D. Ill. Jan. 21, 2026) (internal citations and quotation marks omitted) (cleaned up).

Plaintiff's remaining allegations of harm—namely to its control over its rights in the claimed design and its ability to recover damages—are insufficient to show irreparable harm. "While the nature of patent rights, including the right to exclude, is a factor in the irreparable harm inquiry, it is not, on its own, enough to show irreparable harm." *Mobile Motherboard Inc. v. AIOEXPC*, 2025 WL 1505399, at *4 (N.D. Ill. May 27, 2025) (citing *Bosch*, 659 F.3d at 1149). And Plaintiff's contention that it will likely only be able to collect a small portion of damages from

Defendants because the proceeds from sales of infringing products "is likely in Chinese bank accounts which Plaintiff will not be able to recover," ECF 42 at 11-12, is significantly undercut by the fact that "Plaintiff[]—who [is] also [a] Chinese entit[y]—ha[s] offered no support for this contention; and that point is muted as Defendants have appeared, are represented by counsel, and have substantively defended against Plaintiff['s] motion and complaint." *Che*, 2026 WL 161821, at *6; *see also Motherboard*, 2025 WL 1505399, at *4 (similar). And even if Plaintiff could demonstrate irreparable harm on these facts, Plaintiff does not attempt to establish a causal nexus between its alleged harm and Defendants' infringing conduct. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 643 (Fed. Cir. 2015) (holding that "evidence of copying does not, by itself, establish a causal nexus").

As Plaintiff has failed to carry its burden to demonstrate irreparable harm, the Court need not reach the parties' other arguments. Plaintiff's motion for preliminary injunction is denied.

**Conclusion**

Defendants' motion to dismiss [36] is denied. Defendant Shenzhen Shenchenxing's motion to dismiss [39] and its response in opposition to Plaintiff's motion preliminary injunction [38] are stricken as duplicative. Plaintiff's motion for preliminary injunction [31] is denied. Defendants shall file answer to the complaint within fourteen days. This case is referred to the Magistrate Judge for supervision of discovery and, as applicable, settlement negotiations.

**SO ORDERED.**

**ENTERED: August 20, 2026**



**HON. JORGE L. ALONSO**
**United States District Judge**